UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAMALA MARIA DUPLESSIS,<br><br>Plaintiff,<br><br>v.<br><br>T.J. MAXX OF CALIFORNIA, LLC,<br><br>Defendant. | Case No. 25-cv-08870-JST<br><br>**ORDER TO SHOW CAUSE RE:<br>JURISDICTION**<br><br>Re: ECF No. 10 |

Plaintiff Kamala Maria Duplessis filed this case in state court on February 11, 2025. ECF No. 1-1 at 3. She named T.J. Maxx of California LLC as a defendant, along with 50 Doe defendants. *Id.*

Stating that it was "erroneously sued as TJ Maxx of CA, LLC," HomeGoods, Inc. answered the complaint on September 17, 2025. ECF No. 1-2 at 2. HomeGoods filed a notice of removal in this Court on October 16, 2025, asserting diversity jurisdiction. ECF No. 1 at 3–4. It did not file the notice in state court until December 12, 2025. ECF No. 16-4.

Duplessis filed a motion to remand on January 12, 2026. ECF No. 10. Her motion argued that removal was defective because HomeGoods failed to "[p]romptly" provide notice to the adverse parties and file a copy of the notice in state court, as required by 28 U.S.C. § 1446(d). Her reply brief raised an additional argument that diversity jurisdiction is lacking because Defendant T.J. Maxx of California LLC is a "California entity." ECF No. 17 at 3. The Court ordinarily need not consider arguments raised only on reply. *Est. of Saunders v. Comm'r*, 745 F.3d 953, 962 n.10 (9th Cir. 2014). But since Duplessis's argument goes to the Court's subject matter jurisdiction, it can "be raised at any time during the proceedings." *Hansen v. Dep't of Treasury*, 528 F.3d 597, 600 (9th Cir. 2007) (citation modified).

In response to Duplessis's reply argument, HomeGoods filed a request for judicial notice suggesting that T.J. Maxx of CA, LLC was formed in Virginia with a mailing address in Massachusetts. ECF No. 18. This is insufficient to determine whether the Court has diversity jurisdiction because it says nothing about the LLC's members, and "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

In addition, neither party addressed whether HomeGoods, a non-party, had the ability to remove this case to federal court. The Ninth Circuit has explained that when a non-named party removes a case, the district court lacks jurisdiction because "only the named defendant or the defendants may remove a case" under 28 U.S.C. § 1441(a). *Sharma v. HSI Asset Loan Obligation Tr. 2007-1 by Deutsche Bank Nat'l Tr. Co.*, 23 F.4th 1167, 1173 (9th Cir. 2022) (citation modified). The removal statute "contains no language allowing mistakenly omitted parties, wrongly excluded parties, or any other type of non-defendant to remove an action to federal court." *Id.* at 1170. Thus, where, as here, the removing party is a non-party who claims the plaintiffs erroneously sued a different entity and the non-party is the proper defendant, the case should be remanded. *Janis v. United Servs. Auto. Ass'n*, No. 2:24-CV-314-MKD, 2024 WL 4589989 (E.D. Wash. Oct. 28, 2024).

In light of the above, HomeGoods is ordered to show cause as to why this case should not be remanded on grounds that HomeGoods lacked authority to remove the case and that, even if had such authority, it has not established diversity jurisdiction because it does not adequately address the citizenship of Defendant T.J. Maxx of CA, LLC. HomeGoods shall file a written response to this order within 14 days. Duplessis may file a reply no later than 7 days thereafter. Unless otherwise ordered, the matter will then be taken under submission without oral argument.

**IT IS SO ORDERED.**

Dated: March 31, 2026

_____
JON S. TIGAR
United States District Judge

United States District Court
Northern District of California

2